

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed September 19, 2005

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WALTER PATRICK THORN and MARLYN KAY THORN | § § § | CASE NO. 04-41991-dml-13 |
| DEBTORS. | § § | CHAPTER 13 |

| | | |
|---|---|---|
| WALTER PATRICK THORN and MARLYN KAY THORN, | § § § | |
| PLAINTIFFS | § § § | |
| vs. | § § | ADVERSARY NO. 04-4346 |
| COUNTRYWIDE HOME LOANS, INC., | § § § | |
| DEFENDANT. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Came on to be considered the Complaint (hereinafter "Complaint") of Walter Patrick Thorn and Marlyn Kay Thorn ("Debtors") to determine the validity of the secured claim asserted by Countrywide Home Loans, Inc. ("Countrywide"). In the Complaint, Debtors allege that they did not sign, *inter alia*, a Note (the "Note") in the original principal amount of $168,000 and a Deed of Trust (the "Deed of Trust") in favor of Full

1

Spectrum Lending, Inc. ("FSL"), which serve as the basis for Countrywide's secured claim, and that, therefore, Countrywide should be deemed an unsecured creditor in the above-styled bankruptcy case.  A trial on Debtors' Complaint was held on September 12, 2005.  The court heard testimony from various witnesses, including Walter Patrick Thorn, Marlyn Kay Thorn, Curtis Baggett, a handwriting expert, Amy Karr, a former loan officer for FSL, Bill Plunk, the personnel manager of the Arlington branch of Land America Commonwealth Title ("Commonwealth Title") in 2003, and James Curzon, the Assistant Vice President in Charge of Bankruptcy and Foreclosure Matters for Commonwealth Title.  The court has also reviewed the parties' exhibits admitted at trial.  The court's findings of fact and conclusions of law follow.

**A.  Findings of Fact**

1. Debtors purchased property located at 102 Golfers Way, Azle, Parker County, Texas 76020 (the "Property"), from G.S. Ventures, Inc. on October 6, 2000.  At the time of purchase, Debtors executed a first-lien note and deed of trust against the Property in the principal amount of $133,600 in favor of America's Wholesale Lender and a second-lien note and deed of trust against the Property in favor G.S. Ventures, Inc. in the principal amount of $16,700.

2. In early 2003, Debtors sought refinancing of the Property and made several trips to Commonwealth Title's Arlington office for the purpose of obtaining the same.

3. On May 16, 2003, Debtors successfully obtained refinancing from FSL, executing the Note and Deed of Trust in favor of FSL in the principal amount of $168,000.

4. The Note and Deed of Trust were signed by Debtors in their home in the presence of Amy Karr, who was a loan officer for FSL at the time.

5. The signatures of Debtors on the Note and Deed of Trust were falsely and fraudulently notarized and witnessed by Renee Luciano King, who was not present and did not witness the signing.

6. Debtors did not testify truthfully when each stated in court under oath that he or she did not sign the Note and Deed of Trust.

7. The Deed of Trust created a lien in favor of FSL against the Property.

8. The Note and Deed of Trust were assigned by FSL to Countrywide.

9. To cover certain closing costs of the refinancing transaction, Debtors paid $376.57 by means of a personal check numbered 5316, which was drawn on Debtors' State National Bank account, dated May 16, 2003, and signed by Marlyn Thorn.

10. On or about July 16, 2003, Debtors made a loan payment to Countrywide in the amount of $1,117.71, the exact sum requested in an invoice sent to Debtors by Countrywide. The payment was made by means of a personal check numbered 5435 drawn on Debtors' State National Bank account and signed by Marlyn Thorn. On the "memo" portion of the check was written "1st payment—House" together with Debtors' 9-digit loan account number.

11. Debtors did not testify truthfully when each stated in court under oath that the checks numbered 5316 and 5435 drawn on Debtors' State National Bank account were stolen and were not signed by Marlyn Thorn.

B. **Conclusions of Law**

1. The Note and Deed of Trust are valid, perfected, and enforceable under Texas law in accordance with their terms.

2. Countrywide is entitled to its claimed status as a secured creditor in the above-styled bankruptcy case.

3. Countrywide is entitled to attorneys fees pursuant to the Note and Deed of Trust for services performed in defending this adversary proceeding, and such fees may be added to the amount of the Note.

Countrywide's counsel shall prepare and submit a judgment conforming to the foregoing.

# # # END OF ORDER # # #